UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MICHAEL LINDSLEY
730 West 2nd Street
Waldo, Wisconsin 53093

   Plaintiff,         Case No: 21-cv-403

  v.            **JURY TRIAL DEMANDED**

HEARTLAND BUSINESS SYSTEMS, LLC
1700 Stephen Street
Little Chute, Wisconsin 54140

   Defendant

## **COMPLAINT**

COMES NOW Plaintiff, Michael Lindsley, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### **JURISDICTION AND VENUE**

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because Plaintiff resides in this District and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Michael Lindsley, is an adult male resident of the State of Wisconsin residing in Sheboygan County with an address of 730 West 2nd Street, Waldo, Wisconsin 53093.

4. Defendant, Heartland Business Systems, LLC, is a Wisconsin corporation with a principal place of business of 1700 Stephen Street, Little Chute, Wisconsin 54140.

5. Defendant is an information technology company.

6. Defendant is a covered employer for purposes of the FMLA.

7. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

8. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

9. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

10. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

11. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

12. In approximately July 2016, Plaintiff commenced employment with Defendant in the position of Engineer.

13. At the time of Defendant's termination of Plaintiff, Plaintiff held the position of Senior Systems Engineer.

14. During Plaintiff's employment with Defendant, Plaintiff reported directly to Paul Gilreath, Manager, who reported directly to Peter Helander, Owner.

15. On or about December 21, 2020, Plaintiff informed Gilreath that had to undergo back surgery in the near future and would communicate more details to Defendant after his next scheduled doctor's appointment in early January 2021.

16. On or about December 22, 2020, Gilreath communicated to Plaintiff's co-workers that Plaintiff would let them know his exact dates of FMLA leave after his next scheduled doctor's appointment in early January 2021.

17. In approximately December 2020 and January 2021, Defendant consistently questioned Plaintiff regarding the anticipated timing, use, and duration of his FMLA leave because of his back surgery.

18. In approximately December 2020 and January 2021, Defendant consistently questioned Plaintiff regarding work coverage while Plaintiff was on FMLA leave because of his back surgery.

19. As of at least early January 2021, Defendant knew or was aware that Plaintiff was suffering from a serious health condition that could qualify for FMLA leave.

20. In approximately January 2021, Plaintiff communicated to Defendant that his back surgery was scheduled for February 5, 2021.

21. Plaintiff's back surgery on or about February 5, 2021 and subsequent recovery required inpatient care in a hospital.

22. Plaintiff's back surgery on or about February 5, 2021 and subsequent recovery rendered him unable to work at Defendant for the duration of his recovery.

23. Plaintiff's back surgery on or about February 5, 2021 and subsequent recovery required treatment by his health care provider on at least two occasions.

24. On or about January 21, 2021, Defendant timely received a completed FMLA "Medical Certification of Employee's Serious Health Condition" regarding Plaintiff's back surgery on February 5, 2021 that stated, among other things, that Plaintiff "will be unable to work" for "approximately 8-12 weeks post-op" because of his "C5-6 disc arthroscopy."

25. In approximately January 2021 and February 2021, Plaintiff properly complied with Defendant's notice policies and practices regarding the commencement of his FMLA leave on or about February 5, 2021 because of his back surgery and subsequent recovery.

26. On or about February 3, 2021, Defendant terminated Plaintiff's employment.

27. On or about February 3, 2021, Defendant terminated Plaintiff's employment in order to prevent him from using FMLA leave commencing on or about February 5, 2021.

## CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE)

28. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

29. Defendant intentionally interfered with Plaintiff's rights by terminating Plaintiff's employment for using, and/or in order to prevent him from using, protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

30. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 30th day of March, 2021

                                          WALCHESKE & LUZI, LLC
                                          Counsel for Plaintiff

                                          **s/ *Scott S. Luzi*** _____
                                          James A. Walcheske, State Bar No. 1065635
                                          Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com